UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Jeffrey A. Wills,                                                               Case No.  3:14-cv-835

            Plaintiff

     v.                                                                              MEMORANDUM OPINION
                                                                                           AND ORDER
Judge Jeffrey L. Reed, *et al.*,

            Defendants


       Plaintiff, a *pro se* state prisoner, brings this action seeking monetary damages pursuant to 28 U.S.C. § 1983.  He has filed a motion to proceed *in forma pauperis* (Doc. No. 2) and a motion seeking a ruling on his *in forma pauperis* status. (Doc. No. 4.) Plaintiff's motion for a ruling and his motion to proceed *in forma pauperis* are granted.  For the reasons stated below, however, his complaint is dismissed upon initial screening pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

       Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a district court is required to dismiss an *in forma pauperis* action at any time under 28 U.S.C. § 1915(e)(2)(B) if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  In addition, 28 U.S.C. § 1915A similarly requires a district court to dismiss at the screening stage a complaint in which a prisoner seeks relief from a governmental entity, officer, or employee that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune. *See Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010).

**Analysis**

Although the plaintiff's claims are not clear, he seeks monetary relief pursuant to Section 1983 from Allen County Common Pleas Judge Jeffrey L. Reed, Prosecuting Attorney Juergen A. Waldick, Assistant Prosecuting Attorney Daniel M. Berry, and "Defense Counsel" William F. Kluge in connection with a criminal case. (*See* Doc. 1 at 1-2.) All of these defendants are immune from suit, or cannot be sued, under Section 1983.[1] The Supreme Court has clearly held that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Therefore, prosecuting attorneys Waldick and Berry are immune. In addition, it is well-settled that judges are generally absolutely immune from civil suits for money damages, including suits under Section 1983. *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). The only exceptions to judicial immunity are for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity, and actions taken in the complete absence of all jurisdiction. *Id.* at 1115-16. Judge Reed is entitled to immunity on the face of the plaintiff's complaint because the plaintiff makes no cogent allegation that Judge Reed took actions falling within an exception. Finally, "Defense Counsel" William F. Kluge cannot be sued under Section 1983. "It is firmly established that a defense attorney, regardless of whether he is a public defender or a private attorney, is not a state actor for purposes of § 1983." *Jordan v. Kentucky*, 2009 WL 2163113, at *4 (6th Cir. July 16, 2009), citing *Polk County v. Dodson*, 454 U.S. 312 (1981). In sum, the plaintiff has no viable claim against any of the defendants under Section 1983.

Furthermore, in order to state a claim upon which relief may be granted, a *pro se* complaint must contain sufficient factual matter, accepted as true, to state claim to relief that is plausible on its face. *Hill*, 630 F.3d at 471 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals for failure

---

[1] In order to state a cognizable claim under § 1983, a plaintiff must allege (1) a violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *Redding v. St. Edward*, 241 F.3d 530, 532 (6th Cir. 2001).

to state a claim under 28 U.S.C. 1915(e)(2)(B) and 1915A). In order to survive a dismissal, the "[f]actual allegations must be enough to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. Although a *pro se* pleading is held to a less stringent standard than formal pleadings drafted by lawyers, *pro se* plaintiffs still must satisfy the "facial plausibility" standard articulated in *Twombly* and *Iqbal*. *Smith v. City of Cleveland*, 2014 WL 639833, at *2 (N.D. Ohio Feb. 18, 2014), citing *Stanley v. Vining*, 602 F.3d 767, 771 (2010). That is, a *pro se* plaintiff must meet basic pleading standards, and a court is not required "to conjure allegations on [his] behalf." *Martin v. Overton*, 391 Fed. App'x 710, 714 (6th Cir. 2004).

Plaintiff's complaint, even liberally construed, does not satisfy the basic pleading requirements. Although the plaintiff purports to use legal terms throughout his pleading and contends the defendants engaged in "unconstitutional" conduct and "fraud," he does not discernibly allege a specific constitutional provision (or provisions) he contends the defendants violated, nor does he discernibly allege the conduct of the defendants allegedly forming the basis of such violation. Such a generalized pleading is insufficient to give the defendants fair notice of the plaintiff's claim and the grounds on which it rests. *Marvilis v. Twp. of Redford*, 693 F.3d 589, 596-97(6th Cir. 2012). A pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient to state a claim. *Iqbal*, 556 U.S. at 678.

The plaintiff's complaint, accordingly, is subject to dismissal on the ground it fails to state a claim upon which relief may be granted. The complaint on its face is insufficient to allege a viable constitutional violation or to demonstrate plaintiff's entitlement to relief against any defendant under Section 1983.

**Conclusion**

For all of the reasons stated above, this action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A. Further, I certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

So Ordered.

        s/Jeffrey J. Helmick
        United States District Judge